BROWN et al. v. W. H. SAVAGE & SONS

No. 7327—Opinion Filed Jan. 9, 1917.

(162 Pac. 704.)

**Appeal and Error—Review—Findings.**

When a cause is appealed from the justice of the peace court to the county court, and a trial had de novo on both questions of law and fact, and judgment rendered, and after an execution has been issued and returned nulla bona, and an action has been commenced against the sureties on the appeal bond to recover thereon, the sureties present a motion in county court "to modify" that judgment because the judgment in the justice of the peace court was "on confession" and was therefore not appealable, and the county court did not acquire jurisdiction of the action, and the county court hears evidence as to what occurred at the trial in the justice court, and found that judgment was not "on confession," held, that that finding, being

supported by the record, is conclusive on this appeal.

(Syllabus by Galbraith, C.)

Error from County Court, Pittsburg County; P. B. Hammond, Judge.

Action by W. H. Savage, M. T. Savage, and T. H. Savage, copartners doing business as W. H. Savage and Sons, against the Tollison Coal Company, begun in justice court and appealed to the county court. A. C. Brown and another, sureties on defendant's appeal bond, moved to modify the judgment against defendant, and, their motion being denied, bring error. Affirmed.

Kent V. Gay and Robert N. McMillen, for plaintiffs in error.

Wilkinson & Scott, for defendant in error.

Opinion by GALBRAITH, C. W. H. Savage & Sons, a copartnership, sued the Tollison Coal Company before a justice of the peace in an action for debt, charging in its bill of particulars:

"That the Tollison Coal Company is justly indebted to the said W. H. Savage & Sons, in the sum of $97.85; no part of the same has ever been paid, also one note for $100 made payable to Guy Shevill."

Statutory grounds for attachment were also alleged, and the prayer was for judgment for $197.85, interest, and costs of suit. An attachment was issued and levied upon 60 tons of coal as the property of the defendant. At the trial the justice rendered judgment against the coal company for $97.85 and sustained the attachment. The same day this judgment was entered, the Tollison Coal Company, as principal, and A. C. Brown and M. Wallace, as sureties, executed an appeal bond and caused the same to be approved and filed by the justice of the peace transferring said cause to the county court for trial de novo. In the county court Brown filed a petition for intervention, claiming the ownership of the coal seized under the order of attachment. He was allowed to intervene in the cause. Plaintiff then filed an amended bill of particulars in two counts, in one of which it set out its claim on the open account, and in the other its claim on the promissory note. At the trial in the county court the Tollison Coal Company made default. There was an appearance by the plaintiffs and intervenor Brown. A jury was waived and trial had to the court. The plaintiffs offered their evidence, "the defendant and intervenor offering none." The court found that the Tollison Coal Company was indebted to the plaintiff in the sum of $197.85, and that the attachment should not be sustained for the reason that the coal seized under the order of attachment belonged to the intervenor Brown and judgment was entered accordingly. Afterward an execution was issued on the judgment against the coal company and returned nulla bona. More than a year after the rendition of this judgment and after an action had been commenced to recover on the appeal bond against Brown and Wallace, the sureties thereon, Brown and Wallace filed a motion in the county court "to modify" the judgment rendered therein as above set out against the Tollison Coal Company, on the ground that said court never obtained jurisdiction of said cause on appeal, for the reason that the judgment rendered by the justice of the peace was upon confession and could not be appealed from. The county court, after hearing testimony, denied this motion. From the order denying a new trial therein, this appeal was prosecuted.

We are not strongly impressed with the justice of the contention of the movants. It will be observed that they, as sureties on the appeal bond, were active participants in transferring the original action from the justice of the peace court to the county court, and that Brown there received a substantial benefit from the exercise of that jurisdiction, inasmuch as the judgment in the county court released to him the 60 tons of coal that had been seized under the attachment sustained by the judgment of the justice of the peace. He willingly accepted the advantages accruing to him from the judgment of the county court, and, while retaining this advantage, seeks to be relieved from its disadvantages, the obligation of his bond, by asking the court to modify a judgment against the Tollison Coal Company and in his favor. The judgment defendant in that cause is not complaining of the judgment. The order of the county court denying the motion to modify its judgment was based upon a general finding, and as such comprehends the specific findings necessary to sustain it, including, as we take it, that the judgment of the justice of the peace was not a judgment "on confession" so as to bar an appeal therefrom, under the act of April 24, 1913 (Sess. Laws 1913, ch. 135, p. 292).

After a review of the record, we are not prepared to say that the finding of the county court ought to be set aside. Assuming, under such finding, that the judgment in the justice court was not one "on confession," the movants were entitled to no relief.

The judgment should be affirmed.

The former opinion filed herein is withdrawn.

By the Court: It is so ordered.